**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

GLORIA NICOLE,                    *

       Plaintiff,              *

       v.                         *    Civil Action No. AW-04-3039

HOLY CROSS HOSPITAL OF      *
SILVER SPRING,
INCORPORATED,
       Defendant.            *
                                   *****

**MEMORANDUM OPINION**

Presently pending before this Court is Plaintiff's Motion for Leave to File an Amended Complaint [20]. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D.Md. 2004). For reasons that follow, the Court hereby GRANTS Plaintiff's motion.

**STANDARD OF REVIEW**

Rule 15(a) of the Federal Rules of Civil Procedure provides that once a responsive pleading has been served, "a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be given freely when justice so requires." Fed. R. Civ. P. 15(a). The decision whether to grant leave to amend falls within the "sound discretion" of the trial court. Foman v. Davis, 371 U.S. 178, 182 (1962). Moreover, the "federal rules strongly favor granting leave to amend." Medigen of Ky., Inc. v. Pub. Serv. Comm'n, 985 F.2d 164, 167-68 (4th Cir. 1993). A motion to amend under Rule 15(a) "should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v.

City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). Delay alone, without prejudice to the opposing party, is an insufficient reason to deny leave to amend.  Edwards, 178 F.3d at 242.

## DISCUSSION

In the instant case, Plaintiff filed her initial Complaint on September 23, 2004, alleging discrimination based on race, gender, and ethnicity under 42 U.S.C. § 2000(e), *et seq.* ("Title VII"). The Complaint contained allegations of hostile work environment, sexual harassment, and retaliatory discharge under Title VII. In addition, Plaintiff sought relief under the employment discrimination provisions of the Code of Montgomery County, Maryland.

Plaintiff now seeks to amend her Complaint to include discrimination, hostile work environment, and retaliation claims under 42 U.S.C. § 1981; to restate the allegations of hostile work environment and retaliation contained within the original Complaint as distinct counts; to allege discrimination based on national origin; to add additional facts to the Complaint; and to modify the relief sought. Plaintiff explains the need for amendment by suggesting that her additional discrimination claims had only recently been "discovered" by her new attorney, who realized, at the inception of his representation, that Plaintiff's "original complaint was deficient as to the true and accurate nature" of her claims.

Defendant responds by arguing that although Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," Plaintiff has failed to meet the burden of Rule 16(b), which states that a scheduling order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b).

 The scheduling order issued by this Court provided for a February 7, 2005 deadline for motions to amend the pleadings, while the Plaintiff's motion for leave to amend was filed on July 7, 2005.

2

Defendant cites a district court case, Daso v. Grafton School, Inc., 181 F.Supp 2d 485 (D.Md 2002), for the proposition that "[o]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant must then must pass the tests for amendments under 15(a)." Id. at 488. This "two step" analysis for amendment of the pleadings has not been expressly adopted by the Supreme Court or the Fourth Circuit, and the Daso court refrained from analyzing the movant's proposed amendment under Rule 16(b), finding that such an inquiry would be unnecessary because the movant failed to meet the standards of Rule 15(a). At present, this Court declines the opportunity to expressly adopt or reject the Daso "two step," noting only that the imposition of a "good cause" requirement on a party seeking amendment of its pleadings would appear to be in conflict with the Fourth Circuit's mandate that a court exercising discretion over a Rule 15(a) motion should focus "on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980); see also Island Creek Coal Co. v. Lake Shore Inc., 832 F.2d 274, 279 (4th Cir. 1987).

Before granting leave to amend, this Court must be satisfied that doing so will not prejudice the non-moving party. Here, Defendant contends that the Plaintiff's motion must be denied because of "concerns of prejudice, delay and basic fairness," and because amendment of the Complaint will require "substantial new discovery" by the Defendant. As a preliminary matter, we note that pursuant to the parties' August 23, 2005 Joint Motion for Extension of Time to Complete Discovery [22], discovery remains open for several more weeks. The Plaintiff's Amended Complaint, while adducing additional claims, does not significantly change the substance of the case, leading us to believe that any additional

discovery required by the parties will be limited in scope and unlikely to cause undue prejudice. See Edwards, 178 F. 3d at 243 ("[p]rejudice . . . could hardly flow" from the addition of allegations "derived from evidence obtained during discovery regarding matters already obtained in the complaint in some form.")

Furthermore, additional discovery alone will not be prejudicial to the defendant. See Robinson v. Geo. Licensing Co., 173 F.Supp 2d 419, 426 (D.Md 2001) (finding that additional discovery will not prejudice defendants where discovery was ongoing and the trial date months away). No dispositive motions have yet been filed in this case, nor is the Plaintiff seeking leave to amend on the eve of trial. Although the Defendant cites Daso to suggest that "allowing a plaintiff to amend his complaint to include a retaliation claim after near completion of discovery would be prejudicial to defendant," the plaintiff in Daso was facing a summary judgment motion when leave to amend was sought. Daso, 181 F.Supp. 2d at 489. Courts within this Circuit have consistently taken account of the stage of the proceedings and looked to the pendency of dispositive motions in weighing the prejudicial effect of granting amendment against the "freely given" standard of Rule 15(a). See, e.g., Deasy v. Hill, 833 F.2d 38, 41 (4th Cir. 1987) (finding that leave to amend was properly denied when motion to amend came right before trial and after discovery was complete); Sandcrest Outpatient Services, P.A. v. Cumberland County Hospital, 853 F.2d 1139, 1149 (4th Cir. 1980) (affirming the district court's refusal to grant leave to amend when motion to amend "followed on the heels of" opposing party's motion for summary judgment); Woodson v. Fulton, 614 F.2d 940, 942-43 (4th Cir. 1980) (denying leave to amend because motion to amend made on the same day summary judgment granted); Witt v. American Trucking Trucking Ass'ns, 860 F.Supp. 295, 305 (D.S.C. 1994) (noting that the court "should be strongly disinclined to grant leave to amend" after a

4

summary judgment motion has been fully briefed).

While the *absence* of a pending summary judgment motion does not necessarily militate in favor of a lack of prejudice, it suggests to us that the parties have not yet reached the stage in this proceeding where granting the Plaintiff the opportunity to amend her Complaint would be unduly prejudicial to the Defendant. There is no indication here that Plaintiff's motion was made in bad faith or as part of an effort to impede the course of litigation, nor is the Plaintiff attempting to surprise the Defendant with new issues that would change the nature of this case upon the eve of trial. Accordingly, this Court finds any delay in filing the proposed amendments reasonable given the time frame of discovery and the facts and circumstances surrounding this case.

## CONCLUSION

For the aforementioned reasons, the Court GRANTS Plaintiff's Motion for Leave to File an Amended Complaint [20]. An Order consistent with this ruling shall follow.

September 8, 2005                                                                           /s/

Date                                                                           Alexander Williams, Jr.

United States District Judge